IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2014 APR 14  AM 9: 38
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ KKL
       DEPUTY

DORA AMOS WATSON,
           Plaintiff,

-vs-                                                    Case No. A-13-CA-722-SS

WELLS FARGO BANK, N.A. as Successor by
Merger to Wells Fargo Bank Minnesota, N.A.,
Solely as Trustee for Bear Stearns Asset Backed
Securities I Trust Asset Backed Certificates Series
2007-AC3; and JP MORGAN CHASE BANK, NA,
           Defendants.

### ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendants Wells Fargo Bank, N.A. and JPMorgan Chase Bank, NA's Motion for Summary Judgment [#17], to which Plaintiff Dora Amos Watson has not responded. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and order GRANTING the motion for summary judgment.

### Background

This is a lawsuit challenging Defendants' foreclosure on the property located at 2927 East 13th Street, Austin, Texas 78702.[1] Watson purchased the property in 2007, executing a Note and Deed of Trust in favor of The Mortgage Store Financial, Inc., a predecessor-in-interest of Wells

---

[1] This is at least Watson's second lawsuit challenging the same foreclosure of the same property. This Court previously dismissed a lawsuit brought by Watson alleging numerous causes of action based on the ill-fated split-the-note theory. *See Watson v. J.P. Morgan Chase Bank, N.A.*, No. 1:13-CV-00197-SS (W.D. Tex. May 8, 2013). Watson failed to respond to the motion to dismiss filed by the Defendants in that case, failed to take advantage of the leave to amend given by the Court, and promptly refiled this present lawsuit roughly three months after dismissal.

Fargo. Watson eventually defaulted on the mortgage, and Defendants foreclosed on the property on November 6, 2012. Watson alleges this foreclosure occurred without notice of acceleration, notice of her opportunity to cure, or notice of the sale.

Watson's live complaint is short on facts and long on causes of action. In excellent shotgun pleading style, Watson asserts causes of action for wrongful foreclosure, breach of contract, breach of warranties, breach of fiduciary duty, violations of the Texas Property Code, promissory estoppel, intentional misrepresentation, negligent and intentional misrepresentation, actionable interference with performance of contract, unjust enrichment, invalid and premature foreclosure, failure to give pre-foreclosure cure and acceleration notice, and failure to give payoff amounts and an opportunity to bring the loan current prior to foreclosure. Watson's complaint should not be mistaken for a complex one, however. In short, Watson's entire lawsuit is premised on Defendants' alleged failures to provide her with a notice of acceleration, notice of her right to cure her default, and notice of the foreclosure sale.

Watson filed this lawsuit in state court, and Defendants removed on the basis of diversity jurisdiction. Defendants filed their pending Motion for Summary Judgment on February 19, 2014. On March 13, 2014, one week after Watson's response was due, Watson filed a motion for extension of time. In the motion, Watson's counsel provided a confusing explanation of his inability to contact his client, his inability to determine whether he gave his client notice of the summary judgment motion, and his intention to file a motion to withdraw as counsel, and requested an extension of time to respond to the motion until April 9, 2014. The Court granted the motion. Since that time, the extended response deadline has come and gone, and nothing has been filed in this case. The Court

therefore GRANTS the Motion for Summary Judgment as unopposed. *See* Local Rule CV-7(e)(2). Alternatively, the Court briefly addresses the merits of the motion.

## Analysis

### I. Legal Standard

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are

not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.* "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

## II.  Application

Watson's numerous claims all rest on her allegation she did not receive a notice of acceleration, including her right to cure her default, or a notice of the foreclosure sale. As an initial matter, this allegation cannot form the basis for Watson's claims because the relevant statutory authority Watson relies on, Texas Property Code section 51.002, only requires notices to be properly *sent*, not *received*. *Onwuteaka v. Cohen*, 846 S.W.2d 889, 892 (Tex. App.—Houston [1st Dist.] 1993, writ denied) ("The general purpose of the statute is to provide a minimum level of protection for the debtor, and it provides for only constructive notice of the foreclosure."); *see also WMC Mortg. Corp. v. Moss*, No. 01-10-00948-CV, 2011 WL 2089777, at *7 (Tex. App.—Houston [1st Dist.] May 19, 2011, no pet.) (mem. op., not designated for publication) ("[A]ctual receipt of the notice is not necessary."). The allegation Watson did not *actually receive* the required notices

therefore fails to even state a claim based on section 51.002. And, of course, Watson has presented no evidence—not even a self-serving affidavit—to support her contention she did not receive the notices.

Alternatively, construing Watson's claims as alleging Defendants failed to *send* the required notices, the undisputed evidence in the summary judgment record proves otherwise. Under section 51.002, "[s]ervice of a notice . . . by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address." TEX. PROP. CODE § 51.002(e).[2] "To establish a violation of the statute, it must be shown that the holder of the debt had in its records the most recent address of the debtor and failed to mail a notice by certified mail to that address." *Onwuteaka*, 846 S.W.2d at 892. Defendants sent notices of acceleration, including notice of Watson's right to cure, and timely notices of sale by certified mail to Watson at *three different addresses*, including the address Watson alleges is her correct address. Corr. Am. Compl. [#11] ¶ 7; Mot. Summ. J. [#17], Exs. A (Howell Decl.), A-1 (notices sent June 8, 2012), A-2 (certified mail form for June 8 notices), A-3 (notices sent October 11, 2012), A-4 (certified mail form for October 11 notices). Defendants are therefore entitled to summary judgment on all of Watson's claims.[3]

---

[2] Additionally, an "affidavit of a person knowledgeable of the facts to the effect that service was completed is prima facie evidence of service." TEX. PROP. CODE § 51.002(e). Defendants have provided such an affidavit in this case, and Watson has failed to controvert or challenge that prima facie evidence of service in any way. Mot. Summ. J. [#17-1], Ex. A (Howell Decl.).

[3] Defendants' motion contains lengthier discussions of each separate cause of action, but Watson's entire complaint rests exclusively on Defendants' alleged failure to provide the required notices. For example, Watson has no evidence of any defect in the foreclosure proceedings, any breach of any contract, or any statutory violation because Defendants sent the notices. The bulk of Watson's causes of action are wholly conclusory (at least eight appear in a single paragraph simply reciting the names of causes of action), and would have been subject to dismissal under Rule 12 had Defendants pursued such a motion. For example, Watson does not identify any alleged misrepresentations, any applicable warranties, or any promise on which she relied, and has presented no evidence of the same.

## Conclusion

Defendants have shown themselves entitled to summary judgment on all of Watson's claims. Accordingly,

IT IS ORDERED that Defendants' Wells Fargo Bank, N.A. and JPMorgan Chase Bank, NA's Motion for Summary Judgment [#17] is GRANTED.

SIGNED this the 11th day of April 2014.

*[signature]*
SAM SPARKS
UNITED STATES DISTRICT JUDGE